In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-15-00130-CV
_____

IN RE COMMITMENT OF ASA GEORGE MAYFIELD

_____

**On Appeal from the 435th District Court**
**Montgomery County, Texas**
**Trial Cause No. 14-08-09190-CV**

_____

**MEMORANDUM OPINION**

Asa George Mayfield appeals from a judgment on a jury verdict that resulted in his civil commitment as a sexually violent predator. *See* Tex. Health & Safety Code Ann. § 841.081(a) (West Supp. 2016).[1] During jury selection, the trial court overruled challenges for cause brought by Mayfield against four veniremembers. Mayfield used peremptory challenges on the four veniremembers, exhausted his peremptory challenges, requested additional peremptory challenges, and notified

_____

[1] Amendments to the statute became effective after the date the commitment order was signed, but because the amendments do not affect our analysis in this case, we refer to the current version of the statute.

1

the trial court that four specific objectionable veniremembers remained on the jury list. In one issue brought on appeal, Mayfield argues that the trial court erred in overruling his challenges for cause. We overrule Mayfield's issue and affirm the trial court's judgment and order of civil commitment.

"[T]rial courts exercise discretion in deciding whether to strike veniremembers for cause when bias or prejudice is not established as a matter of law, and there is error only if that discretion is abused." *Cortez ex rel. Estate of Puentes v. HCCI-San Antonio, Inc.*, 159 S.W.3d 87, 93 (Tex. 2005). When reviewing the trial court's ruling, we consider the entire examination. *Id.*

Mayfield contends Juror Eight and Juror Forty-Four agreed that they would not be able to "listen to the evidence and follow the law in this case[.]" He argues that in subsequent individual questioning, these two members of the venire revealed that they could not set aside personal bias and approach the case with an open mind.

Juror Eight indicated that due to having nine grandchildren, it was "challenging" to her not knowing the impact of the decision in the case considering Mayfield was already incarcerated and she was feeling "very biased about that behavior." The judge explained that the question to be determined by the jury was not Mayfield's incarceration, but whether he meets the definition of behavioral

2

abnormality. Juror Eight replied, "I don't have enough information to know that." She added that she would not find Mayfield less credible due to his incarceration.

Juror Forty-Four stated that because a friend of his had been sexually abused by a man who was not tried for the crime, he "probably [would not] be able to decide one way or the other correctly because of the strong feelings." When asked whether he would be able to follow the judge's instructions and base a verdict only upon the evidence presented during the trial, Juror Forty-Four responded, "It's hard to say because I haven't heard anything about the case. But it's my opinion that it's going to be hard for me to listen and decide at the end whether or not he's that person or not." He added that he was "willing to try" to listen to all of the evidence before making up his mind.

Juror Eight's experience as a grandmother and Juror Forty-Four's friendship with a victim of sexual abuse impacted their view of the case, but each expressed an open mind with regard to approaching the evidence. The record as a whole supports a finding that neither veniremember had a disqualifying unequivocal bias. It was within the trial court's discretion to deny Mayfield's challenges for cause. *See Cortez*, 159 S.W.3d at 93.

Mayfield contends Jurors Thirty-Eight and Sixty-Three revealed that if they determined Mayfield was a repeat sexually violent offender, they would not

3

require that the State prove that he has a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence. Juror Thirty-Eight and Juror Sixty-Three responded affirmatively to a general question to the venire panel asking if they would not require the "second" (proof of a behavioral abnormality) if the State proved he was a repeat sexual offender. Further individual questioning explored whether Juror Thirty-Eight and Juror Sixty-Three would require that the State prove its case.

When questioned, Juror Thirty-Eight stated, "I don't see a lot of difference between the two up here that if you -- if you prove beyond all doubt that he is a repeat sexual violent offender, that he's been sentence for, there is a behavioral problem." He denied that he would not require the State to prove the behavioral abnormality, but added, "I believe in my heart there is a behavioral abnormality if you prove No. 1." Juror Thirty-Eight conceded that he is unfamiliar with the phrase "behavioral abnormality" and he did not know how it was defined by law. Juror Thirty-Eight asserted that he would be willing to listen to the expert witnesses before making up his mind, adding, "I'm an engineer. We like to know the facts."

Juror Sixty-Three stated she thought that if the State proved Mayfield is a repeat sex offender, that would be enough to show that he has a behavioral abnormality and she would not require the State to prove "the second one." The

4

judge explained that the instructions would say that to find a person is a sexually violent predator, they must find "[b]oth of them[,]" that is, that they must find both that the person is a repeat sexual offender and that he has a behavioral abnormality. Juror Sixty-Three stated that the question confused her and that she would be able to listen to the evidence and follow the law. Juror Sixty-Three added that she has two girls at home and she works with children who have behavioral issues in her profession as a school district's speech therapist, but she assured the trial court that she would base her decision on the evidence she heard in the courtroom "and be fair about it."

A veniremember may be "statutorily disqualified" because of "a general inability to follow the court's instructions regarding the law[.]" *Hyundai Motor Co. v. Vasquez*, 189 S.W.3d 743, 751 (Tex. 2006). Mayfield contends the bulk of Juror Thirty-Eight's examination revealed an unshakeable conviction that behavioral abnormality would be proven by proof of repeat sexually violent offenses, and he argues that that Juror Sixty-Three's understanding that there were two separate elements did not clarify whether she intended to hold the State to only one of them. These veniremembers gave some conflicting answers, which were attributable to obvious confusion about the issues the jury would be called upon to decide and an unremarkable supposition that repeated convictions for sexually abusing children

indicate a problem with behavior. But, Juror Thirty-Eight and Juror Sixty-Three articulated an understanding that the State was required to prove that Mayfield had a behavioral abnormality as that term is used in law and would be defined in the charge. Viewing the examinations as a whole, it was within the trial court's discretion to deny Mayfield's challenges for cause. *See Cortez*, 159 S.W.3d at 93. We overrule Mayfield's issue and we affirm the trial court's judgment and order of civil commitment.

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on January 12, 2016
Opinion Delivered October 20, 2016

Before Kreger, Horton, and Johnson, JJ.